UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TYLER ANDERSON,

Plaintiff,

v.

LT. E. DELANY,

Defendant.

26–CV–6579–MAV
ORDER

## INTRODUCTION

*Pro se* Plaintiff Tyler Anderson, who is incarcerated at the Five Points Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983.

## BACKGROUND

Because Anderson is a prisoner proceeding *pro se* and *in forma pauperis*, the Court screened his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)–(b). ECF No. 5. That order dismissed all state law claims and claims requesting monetary relief from Lt. E. Delany ("Delany") in official capacity. The order granted Anderson leave to amend his procedural due process and cruel and unusual punishment claims. Anderson timely filed an amended complaint. ECF No. 6.

## LEGAL STANDARDS

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action is frivolous, malicious, or fails to state a

claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)–(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). In making such determinations, the Court may consider documents attached to the complaint or incorporated by reference. *See DiFolco v. MSNBC Cable, LLC*, 622 F.3d 104, 111 (2d Cir. 2010).

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007), but permission to amend is not required where the plaintiff has been afforded a prior opportunity to amend, *Cato v. Zweller*, No. 6:21-CV-6207 EAW, 2023 WL 8653857, at *2 (W.D.N.Y. Dec. 14, 2023) (dismissing the amended complaint with prejudice because it "does not remedy any of the pleading deficiencies identified in the Screening Order").

## DISCUSSION

Having screened the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)-(b), the Court concludes that Anderson's due process and cruel and unusual punishment claims will proceed to service. Anderson's allegations that during his 114 days in RRU/SHU he experienced depression,

paranoia, hopelessness, sensory deprivation, social withdrawal, and cognitive decline may, with further development, indicate that this confinement imposed an atypical and significant hardship in violation of the Fourteenth Amendment. *See Vidal v. Venettozzi*, 171 F.4th 611, 620–21 (2d Cir. 2026) (suggesting that adverse psychological effects may be considered in determining whether an alleged confinement imposed an atypical and significant hardship). These allegations also may, with further development, demonstrate cruel and unusual punishment in violation of the Eighth Amendment. *Id.* at 621 (citing *Palakovic v. Wetzel*, 854 F.3d 209, 225–26 (3d Cir. 2017) as "emphasizing a 'robust body of legal and scientific authority recognizing the devastating mental health consequences caused by long-term isolation in solitary confinement,' which could amount to cruel and unusual punishment in violation of the Eighth Amendment"). Anderson has also included allegations showing that he did not receive constitutionally sufficient process at his disciplinary hearing, *see* ECF No. 10 at 34 (modifying hearing decision because "the hearing officer failed to properly justify reason for confinement"), curing the second deficiency identified by the Court in relation to his due process claim. *See* ECF No. 5 at 7–9.

## ORDER

For the reasons above, IT HEREBY IS ORDERED that Anderson's due process and cruel and unusual punishment claims will proceed to service; and it is further

ORDERED that the Clerk of Court is directed to cause the United States Marshal to serve copies of the summons, the amended complaint (ECF No. 6), and

this Order upon Lt. E. Delany at Elmira Correctional Facility without Anderson's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Anderson's favor; and it is further

ORDERED that, upon service, pursuant to 42 U.S.C. § 1997e(g), Delany shall answer or otherwise respond to the amended complaint; and it is further

ORDERED that the Clerk of Court is directed to forward a copy of this Order to Ted O'Brien, Assistant Attorney General in Charge, Rochester Regional Office, at Ted.O'Brien@ag.ny.gov; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Anderson must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated: November 4, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge